IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**UNITED STATES OF AMERICA,**           CASE NO. 3:25 CR 181

    Plaintiff,

    v.                                JUDGE JAMES R. KNEPP II

**STEVEN NOWAK,**

    Defendant.                        **ORDER**

Currently pending before the Court is the Government's Brief in Support of Enhanced Penalty (Doc. 16) and Defendant's Brief in Opposition (Doc. 19).

Defendant pled guilty to one count of receipt and distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2). The parties dispute whether the enhanced penalty under 18 U.S.C. § 2252(b)(2) applies to Defendant.

The enhancement applies if an individual has a prior conviction "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." 18 U.S.C. § 2252(b)(2). The Government cites two prior convictions it asserts qualify: a 2006 conviction for public indecency in violation of Ohio Revised Code § 2907.09, and a 2008 conviction for indecent behavior in the presence of a juvenile in violation of Toledo Municipal Code § 533.22. The Court does not reach the question of whether Defendant's public indecency conviction qualifies, because it finds the enhancement applies based on the Toledo Municipal Code conviction.

Toledo Municipal Code § 533.22 provides:

> **533.22. Indecent behavior in the presence of a juvenile prohibited.**
> (a)  No person with the purpose of sexually arousing or gratifying the person's self or another person and under circumstances likely to be viewed by juveniles under the age of sixteen, shall do any of the following:

    (1) Appear in a state of nudity as defined in Section 533.01(h);
    (2) Engage in masturbation;
    (3) Engage in sexual conduct as defined in Section 533.01(a);
    (4) Engage in conduct that to an ordinary observer would appear to be sexual conduct or masturbation.

(b) Whoever violates this section is guilty of indecent behavior in the presence of a juvenile, a misdemeanor of the first degree.

The Court applies the categorical approach: "That means [a court] construct[s] a generic version of the crime and compare[s] it to the range of conduct the state law criminalizes." *United States v. Parrish*, 942 F.3d 289, 295-96 (6th Cir. 2019). "Then [a court] look[s] to the sentencing enhancement to determine how close the match must be." *Id.* at 296. This match "doesn't have to be nearly as close for the child pornography statute" as it is under the Armed Career Criminal Act "because a state crime triggers the enhancement if it "*relat[es] to*" the relevant conduct: 'aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward.'" *Id.* (quoting 18 U.S.C. § 2252(b)(1)) (emphasis added).

"Sexual abuse" covers actions that "injure, hurt, or damage for the purpose of sexual or libidinal gratification." *United States v. Mateen*, 806 F.3d 857, 861 (6th Cir. 2015). "And 'relat[e] to' is a 'broad' phrase, one that requires 'only that the state statute be associated with sexual abuse.'" *United States v. O'Neill*, 835 F. App'x 70, 71 (6th Cir. 2020) (first quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992), and then quoting *Mateen*, 806 F.3d at 861). "Both phrases considered, a state conviction counts under the statute if it is 'associated with' actions that 'injure, hurt, or damage for the purpose of sexual or libidinal gratification.'" *Id.* And the Sixth Circuit defines "abusive sexual conduct involving a minor or ward" as "improper, perverted, or damaging behavior associated with libidinal gratification concerning a minor or ward." *Parrish*, 942 F.3d at 296 (citing, *inter alia*, Webster's Third New International Dictionary

2

8 (1981) (defining "abusive" as "characterized by wrong or improper use or action," "perverted," or "physically injurious")). And again, the crime need only "relat[e] to . . . abusive sexual conduct involving a minor or ward" to qualify. 18 U.S.C. § 2252(b)(2).

Upon review, the Court finds Defendant's prior conviction for indecent behavior in the presence of a juvenile in violation of Toledo Municipal Code § 533.22 is a prior conviction "relating to . . . sexual abuse, or abusive sexual conduct involving a minor or ward." 18 U.S.C. § 2252(b)(2). The enhanced penalty in 18 U.S.C. § 2252(b)(2) applies to Defendant in this case.

IT IS SO ORDERED.

                                                s/ *James R. Knepp II*
                                                UNITED STATES DISTRICT JUDGE

                                                Dated: January 29, 2026